IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Andrew McGee, | ) | C.A. No.: 6:05-2261-HMH-BHH |
| | ) | |
| Plaintiff, | ) | **OPINION & ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| City of Greenville, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce H. Hendricks, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Andrew McGee ("McGee") alleges that the Defendant violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. Magistrate Judge Hendricks recommends granting the City of Greenville's ("Greenville") motion for summary judgment. McGee filed objections to the Report and Recommendation. After review, the court adopts the Magistrate Judge's Report and Recommendation and grants Greenville's motion for summary judgment.

---

[1] The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1)(West Supp. 2006).

1

## I. Procedural and Factual Background

On August 24, 2003, McGee applied for a flatbed/sideloader operator position with Greenville. (Compl. ¶ 7.) After interviewing McGee, Greenville gave McGee a written offer of employment as a sideloader operator on September 18, 2003. (Id. ¶ 11, 13-14.) Greenville's offer of employment was contingent upon McGee's successful completion of a medical examination, drug and alcohol screening process, and background investigation. (Kerry Crosby ("Crosby") Aff. ¶ 2.)

In McBee's physical examination form dated September 22, 2003, McGee noted that he was currently taking Synthroid and Marinol. (Def.'s Mem. Supp. Summ. J. 2.) McGee initially tested positive for marijuana metabolites. (Id.) However, the medical review officer for Greenville, Dr. Stuart Hoffman ("Dr. Hoffman"), noted that McGee's prescription for Marinol could result in a positive test and subsequently changed the result to negative after confirming McGee's prescription. (Id. 2; Crosby Aff. Ex. B (Dr. Hoffman Letter 1).)

Additionally, Dr. Hoffman opined that "in [his] judgment, [Marinol] could affect the donor's performance in [the] safety sensitive position" of a sideloader operator. (Crosby Aff. Ex. B (Dr. Hoffman Letter 1).) Consequently, Dr. Hoffman requested a letter from McGee's physician "verifying his fitness for duty in a safety sensitive position while taking [Marinol]." (Id. Ex. B (Dr. Hoffman Letter 1).) McGee never provided any verification from his physician that he could safely perform his duties as a sideloader operator while taking Marinol. As a result, Greenville withdrew its conditional offer to hire McGee. (Id. ¶ 5-7.)

McGee filed this lawsuit in response to Greenville's withdrawal of its offer of employment. Greenville moved for summary judgment. Magistrate Judge Hendricks recommended granting summary judgement. McGee filed objections to the Magistrate Judge's Report and Recommendation.

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After review of McGee's objections, the court determines that McGee states three specific objections to the Magistrate Judge's Report and Recommendation. McGee objects to (1) the Magistrate Judge's finding that there is no genuine issue of fact as to McGee's ability to perform the position of sideloader operator safely, and (2) the Magistrate Judge's finding that Greenville "was permitted to rely on the medical judgment of a physician." (Objections 3-4.) Additionally, McGee asserts that "the Report and Recommendation fail[s] to address the Plaintiff's claim for perceived disability." (Id. at 3.)

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

3

genuine issue as to any material fact." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed, and all justifiable inferences must be drawn in its favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). With respect to this burden, "it is the responsibility of the plaintiff, not the court, to identify with particularity the evidentiary facts existing in the record which can oppose the defendant's summary judgment motion." Malina v. Baltimore Gas & Elec. Co., 18 F. Supp. 2d 596, 604 (D. Md. 1998).

### B.  Essential Functions of the Job

McGee asserts in his objections that "a genuine issue of material fact has been shown to the court as to whether or not [McGee] could meet the essential functions of the position." (Objections 4.) The ADA "prohibit[s] discrimination against an otherwise qualified individual with a disability." Doe v. Univ. of Md. Med. Sys. Corp., 50 F.3d 1261, 1264 (4th Cir.

4

1995). "[A]n individual is not otherwise qualified if he poses a significant risk to the health or safety of others by virtue of the disability that cannot be eliminated by reasonable accommodation." Id. at 1265. The Magistrate Judge found that McGee is not an otherwise qualified individual because he could not perform the essential functions of the sideloader operator position without posing a significant risk to the health or safety of others. (Report and Recommendation 9.) The court agrees.

Greenville relied upon the medical opinion of Dr. Hoffman that McGee's use of Marinol would prevent him from performing the functions of a sideloader operator safely. Additionally, Greenville gave McGee the opportunity to rebut this finding by submitting a letter from his treating physician. Despite this opportunity, McGee failed to present any evidence, including a letter from his treating physician, that he could safely perform the functions of a sideloader operator while taking Marinol. McGee alleges that he offered to stop taking Marinol. (Objections 4.) However, under the circumstances, Greenville justifiably required a "reasonable medical judgment" from McGee's physician. 29 C.F.R. § 1630.2(r) ("The determination that an individual poses a 'direct threat' shall be based on an individualized assessment of the individual's present ability to safely perform the essential functions of the job. This assessment shall be based on a reasonable medical judgment that relies on the most current medical knowledge and/or on the best available objective evidence.") McGee failed to support his offer to stop taking Marinol with any evidence that such a step would be medically advisable.

In addition, McGee has failed to present any evidence in this case to support a finding that he could safely perform the functions of a sideloader operator position. McGee argues

5

that the fact that he held a commercial driver's license for over 15 years, passed the medical examination "each and every time," and held a "current Medical Card at the time of his application" serves as evidence that McGee can safely perform the essential functions of a sideloader operator position. (Objections 4.) However, McGee does not describe the scope of the medical examination required for a commercial driver's license or explain how the physical specifically and directly refutes Dr. Hoffman's opinion that McGee's use of Marinol would preclude him from safely performing the functions of a sideloader operator position.

Thus, the court finds that Greenville appropriately relied upon Dr. Hoffman's opinion, which was the only medical evidence available, in its determination that McGee could not safely perform the functions of the sideloader operator position. To date, McGee has not submitted any medical evidence to refute Dr. Hoffman's opinion that McGee could not safely perform the essential functions of a sideloader operator position. Therefore, there is no genuine issue of fact as to McGee's ability to perform the sideloader operator position safely, and the court adopts the Magistrate Judge's recommendation that McGee is not a "qualified individual" pursuant to 42 U.S.C. § 12112(a).

### C. Reliance on Dr. Hoffman's Opinion

McGee objects to the Magistrate Judge's finding that "there is no genuine issue of material fact in light of the fact that [Greenville] was permitted to rely on the medical judgment of a physician." (Objections 4.) In support of this objection, McGee asserts that Greenville could not have properly relied on the medical judgment of Dr. Hoffman, because he "showed prejudice towards [McGee]." (Id. 4.) McGee argues that Dr. Hoffman's

prejudice was demonstrated by the fact that he performed the second, "quite invasive," part of the medical exam despite "knowing [McGee] would not be hired for the position." (Id. 4-5.)

McGee cites no evidence in support of his allegation that Dr. Hoffman performed part of McGee's medical exam with the knowledge that McGee would not be hired. Further, even if McGee could support this allegation, there is no evidence that Dr. Hoffman's medical opinion was influenced in any way by his alleged prejudice against McGee. In sum, there is no support, either factually or legally, for McGee's argument that Greenville's "failure to even attempt to treat [McGee] with dignity during the examination . . . [is a] clear violation[] of the ADA." (Objections 5.) Therefore, this conclusory allegation does not create a genuine issue of fact concerning Greenville's reliance upon Dr. Hoffman's medical opinion.

### D. Perceived Disability

In his objections, McGee asserts that the Report and Recommendation "fail[ed] to address [McGee's] claim for perceived disability." (Objections 4.) This objection is without merit. The Magistrate Judge explicitly addressed McGee's allegation that Greenville "perceived [McGee] as a drug user." (Report and Recommendation 11; Objections 4.) Additionally, Magistrate Judge Hendricks correctly noted that the issue of whether Greenville regarded McGee as a drug user "is of no moment in this case." (Report and Recommendation 11.) Greenville has not challenged whether or not McGee has a "disability" as defined in 42 U.S.C. § 12102(2). As described above, Greenville argues that McGee is not a qualified individual because he cannot perform the essential functions of his job. (Def.'s Mem. Supp. Summ J. 4-5.) Therefore, any arguments by McGee in support of his position that he has a

"disability" as defined by the ADA because Greenville perceived McGee as a drug user are irrelevant. Based on the foregoing, Greenville's motion for summary judgment is granted.

Therefore, it is

**ORDERED** that Greenville's motion for summary judgment, docket no. 21, is granted.

**IT IS SO ORDERED**.

> s/Henry M. Herlong, Jr.
> United States District Judge

Greenville, South Carolina
February 7, 2007